IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WILLIAM COSGRAY,

    Plaintiff,

v.                                                                                       No. 24-cv-0081-MV-JMR

FNU LNU,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

    This matter comes before the Court *sua sponte* on Plaintiff David William Cosgray's Letters Regarding Civil Rights Violations (Docs. 26, 27) (Letter-Pleadings). Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 4) (IFP Motion). Plaintiff filed the Letter-Pleadings after the Court directed him to submit an amended complaint clarifying his request for relief. *See* Doc. 25. The Letter-Pleadings each consist of one paragraph. They allege that Plaintiff's family bought him a copy of the Jailhouse Lawyer's Manual published by Columbia University, but prison Eddy County Detention Center (ECDC) officials denied him access to the book. *See* Docs. 26, 27.

    Book denials can give rise to a claim under 42 U.S.C. § 1983 and the First Amendment right to receive information. *See Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) ("Inmates have a First Amendment right to receive information while in prison," including books, "to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison."); *Whitehead v. Marcantel*, 766 F. App'x 691, 696 (10th Cir. 2019) (addressing First Amendment violation stemming from a book denial). However, the Court

cannot adequately analyze the claims because the Letter-Pleadings do not identify the individuals who denied the book request or otherwise name defendants. The Court will therefore direct Plaintiff to file a single, amended complaint on the Court's official 42 U.S.C. § 1983 form. The Court will also grant the IFP Motion, as Plaintiff cannot afford to prepay the $405 civil filing fee.

The amendment is due within seventy-five (75) days of entry of this ruling. It must list each Defendant in this case and describe how each Defendant is involved in the alleged wrongdoing. "Collective allegations" regarding the violation of constitutional rights will not satisfy this standard. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Id.* To sue supervisory Defendants, entities, or municipalities that were not directly involved in the wrongdoing, the amendment must show that each such supervisory, entity, or municipality is responsible for a policy or custom that caused the constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164–65 (10th Cir. 2011).

Plaintiff is further reminded that any amendment should address the four-factor test to determine whether the restriction on books is reasonably related to legitimate penological interests. *Id.*; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) (establishing the test). The factors are:

> (1) whether a rational connection exists between the prison policy [or] regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *Turner*, 482 U.S. at 89-91). A full "analysis of the *Turner* factors is unnecessary at the pleading stage." *Al-Owhali v. Holder*,

687 F.3d 1236, 1240 n. 2 (10th Cir. 2012). However, "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were not reasonably related to legitimate penological interests." *Khan v. Barela*, 2020 WL 1488762, at *3 (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010)). Doing so might require the inmate to "recite[] facts that might well be unnecessary in other contexts. For example, ... a [First Amendment] claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply." *Gee*, 627 F.3d at 1185.

The Letter-Pleadings include facts showing that Plaintiff's book was ordered through the correct procedures and is available at other facilities. The amendment should restate those facts and any other information relevant to the absence of legitimate penological interests.

Finally, Plaintiff is reminded that his single, amended complaint will supersede all prior filings and become the controlling the pleading in this case. *See Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect."). If Plaintiff still wishes to pursue habeas relief, for example, which is mentioned in a prior filing, he may file a separate case challenging his state detention. Plaintiff is further warned that if he fails to timely file a single amended complaint consistent with these instructions, or if he continues to submit piecemeal pleadings, the Court may dismiss this case without further notice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 4**) is **GRANTED**.

**IT IS FURTHER ORDERED** that within seventy-five (75) days of entry of this Order, Plaintiff shall file a single, amended complaint on the official 42 U.S.C. § 1983 form, as set forth

above.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Plaintiff another blank civil rights complaint.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE