IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WILLIAM COSGRAY,

    Plaintiff,

v.                                                                                                  No. 2:24-cv-081 MV/JMR

FNU ORTEGA, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Plaintiff David William Cosgray's Second Amended Prisoner Civil Rights Complaint (Doc. 31), filed September 30, 2024. Also before the Court is Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 39) ("IFP Motion"), filed March 19, 2025. Plaintiff is incarcerated and proceeding *pro se*. By an Order dated September 13, 2024, the Court granted a previous IFP motion that Plaintiff filed. *See* (Doc. 30) (granting Doc. 4). Therefore, the Court finds that the IFP Motion filed on March 19, 2025 is moot.

    In his Second Amended Complaint, Plaintiff alleges that prison officials violated his constitutional rights by preventing him from receiving a law book despite Plaintiff going through the proper procedures to get the book. (Doc. 31) at 4-5, 7-8, 12-13. Having reviewed the Second Amended Complaint under 28 U.S.C. § 1915(e), the Court finds it survives initial review.

**BACKGROUND**

    Plaintiff filed his original Complaint on May 16, 2024. (Doc. 16). On July 11, 2024, the Court directed Plaintiff to submit an amended complaint clarifying his claims. (Doc. 25). In response to that Order, the Plaintiff filed two Letter-Pleadings alleging that his family bought him a copy of the Jailhouse Lawyer's Manual published by Columbia University, but that Eddy County

Detention Center (ECDC) officials denied him access to the book. *See* (Docs. 26, 27). On September 13, 2024, the Court entered a Memorandum Opinion and Order explaining that book denials can give rise to a claim under 42 U.S.C. § 1983 and the First Amendment right to receive information. (Doc. 30) at 1; *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) ("Inmates have a First Amendment right to receive information while in prison," including books, "to the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison."); *Whitehead v. Marcantel*, 766 F. App'x 691, 696 (10th Cir. 2019) (addressing First Amendment violation stemming from a book denial). The Court explained that it could not adequately analyze the claims in the Letter-Pleadings because they do not identify the individuals who denied the book request or otherwise name defendants. (Doc. 30) at 1-2. The Court granted Plaintiff leave to file an amended complaint. *Id.* at 3.

Plaintiff's Second Amended Complaint (Doc. 31) clarifies that ECDC Warden Massingill and case workers Ortega and Chavez participated in the rejection decision. Plaintiff states that he asked the case workers for the policy for receiving books at ECDC and he filled out the proper paperwork per the ECDC policy. (Doc. 31) at 12. He alleges that his brother sent him the law manual, which is available at other facilities, and Warden Massengill told him that "there was no way he was going to allow that book into his facility and he was going to send it back … which he did." *Id.* at 13.

The Amended Complaint raises claims under the First Amendment, the Fourteenth Amendment, the Equal Protection Clause, and 42 U.S.C. § 1983. Plaintiff seeks damages from the following Defendants: (1) ECDC Warden Massingill; (2) ECDC Case Worker/Corporal Ortega; (3) ECDC Case Worker/Corporal Chavez; and (4) ECDC "Security Captain." (Doc. 31 at 2-3, 6).

**DISCUSSION**

The crux of the Second Amended Complaint is that prison officials arbitrarily withheld a law book from Plaintiff despite Plaintiff following the prison's policy for receiving books. The Tenth Circuit instructs that cases should not be dismissed on screening where prison officials denied a book request and the reasons for the decision are unclear. *See Khan v. Barela*, 808 F. App'x 602, 608 (10th Cir. 2020) (reversing screening dismissal and remanding for record development); *Whitehead v. Marcantel*, 766 F. App'x 691, 696 (10th Cir. 2019) (same). Accordingly, the claims—as clarified in the Second Amended Complaint (Doc. 31)—survive initial review under 28 U.S.C. § 1915(e).

The Court must determine whether to order service on all or some of the Defendants. As explained in the prior ruling, § 1983 plaintiffs must show that each defendant was personally involved in the alleged constitutional violation. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). If there was no personal involvement in the wrongdoing, supervisors and entities cannot be held vicariously liable under § 1983 for their employees' actions. *See Moya v. Garcia,* 895 F.3d 1229, 1233 (10th Cir. 2018). The alleged constitutional violation must instead be traceable to the defendant's policy or custom. *Id.*

Construed liberally, the Second Amended Complaint alleges that Warden Massingill, Case Worker/Corporal Ortega, and Case Worker/Corporal Chavez were personally involved in the book rejection. These Defendants are sufficiently tied to the alleged wrongdoing, and the factual allegations warrant an answer under Rule 12(b)(6) and 28 U.S.C. § 1915(e). The Court will therefore direct the Clerk to serve notice and waiver of service forms on Warden Massingill, Case Worker/Corporal Ortega, and Case Worker/Corporal Chavez. The Court will give Defendants an

opportunity to waive formal service requirements before ordering personal service. Any costs of service may be imposed on any Defendant if he or she declines to waive personal service without good cause. *See* Fed. R. Civ. P. 4(d)(2). The Court also will enter a separate order referring this case to the assigned Magistrate Judge for a *Martinez* investigation, if appropriate. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims."). Finally, Plaintiff lists as a defendant ECDC "Security Captain," but does not allege any claims against this defendant. *See* (Doc. 31) at 3. Therefore, the Court will dismiss this defendant without prejudice.

**IT IS ORDERED** that Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 39**) is **FOUND as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall **ISSUE** notice and waiver of service forms, with copies of this Memorandum Opinion and Order and the Amended Complaint (**Doc. 31**), to Warden Massingill, Case Worker/Corporal Ortega, and Case Worker/Corporal Chavez. The Clerk may mail the forms to Eddy County Detention Center at P.O. Box 1388, Carlsbad, NM 88221-1388.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff's Second Amended Complaint raises claims against "Security Captain," such claims are **DISMISSED without prejudice**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE