IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WILLIAM COSGRAY,

Plaintiff,

v. Case No. 2:24-cv-00081-MV-JMR

BILLY MASSINGILL, *Warden Eddy County Detention Center*, FNU ORTEGA, *Case Warden Corporal Eddy County Detention Center*, and FNU CHAVEZ, *Corporal Case Worker Eddy County Detention Center*,

Defendants.

**ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Magistrate Judge Jennifer M. Rozzoni filed her Proposed Findings and Recommended Disposition ("PFRD") on August 18, 2026. Doc. 87. The PFRD notified the parties of their ability to file objections within fourteen days, and that failure to do so waived appellate review. *Id*. at 13–14. On August 31, 2026, and September 1, 2026, Plaintiff David William Cosgray filed objections to the PFRD. Docs. 88, 89.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of the record and all parts of the PFRD that have been properly objected to. After conducting this de novo review, and having thoroughly considered Judge Rozzoni's PFRD and Mr. Cosgray's objections, the Court finds no reason either in law or fact to depart from the Judge Rozzoni's recommended disposition.

In her PFRD, Judge Rozzoni recommended that this Court dismiss Mr. Cosgray's claims without prejudice as barred by the Prison Litigation Reform Act ("PLRA"), because he failed to exhaust his administrative remedies prior to filing this lawsuit. As Judge Rozzoni found, "the

record evidence shows that Plaintiff failed to initiate the grievance process at ECDC." Doc. 87 at 10. In his Objections to the PFRD, Mr. Cosgray does not object to the accuracy of this finding, or present any evidence to demonstrate that he did, in fact, submit a grievance. Nor does Mr. Cosgray demonstrate that the remedies were unavailable to him. Instead, he continues to argue that it was pointless to file a grievance. *See, e.g.,* Doc. 89 at 3 ("Does the Court think that a grievance would have made a difference? None at all."). Judge Rozzoni already addressed and rejected this argument, stating, "the Tenth Circuit has explained that exhaustion of available administrative remedies is required even where the available remedies would appear to be futile at providing the kind of relief sought." Doc. 87 at 12 (citations omitted).

Mr. Cosgray's Objections thus fail to identify how Judge Rozzoni committed error in concluding that his claims are barred by the PLRA for failure to exhaust administrative remedies. Because Mr. Cosgray reiterates his original argument regarding the futility of filing a grievance, without pointing to any error on Judge Rozzoni's part in addressing that argument, he gives the Court no basis to sustain his Objection.

The Court finds that it is constrained by the law, as set forth by Judge Rozzoni in her PFRD, to find that Mr. Cosgray's Second Amended Complaint must be dismissed for failure to exhaust administrative remedies as required by the PLRA. Accordingly, upon review of the law and record, the Court concurs with Judge Rozzoni's PFRD and finds that Mr. Cosgray has presented no valid objection thereto.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. The objections of Plaintiff David William Cosgray are OVERRULED;
2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 87) are ADOPTED;

3. The Court GRANTS Defendants' Motion for Summary Judgment (Doc. 58) due to Plaintiff's failure to exhaust his administrative remedies; and

4. This lawsuit is DISMISSED WITHOUT PREJUDICE.

MARTHA VÁZQUEZ
Senior United States District Judge